a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH G SHERRICK #11487-035,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-01506<br>SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN MARINDINO ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the Complaint (ECF No. 1) and Amended Complaints (ECF Nos. 5, 13) of *pro se* Plaintiff Joseph Sherrick ("Sherrick"). Sherrick is a prisoner in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"). He names as Defendants Warden McConnell, Warden Merindino, Ms. Early, Lt. Futrell, Officer Jones, Officer Chase, all Correctional Officers and Staff that work in "E Unit," and "Plumbers Department Crew."

Because Sherrick fails to state a viable constitutional claim, his Complaint and Amended Complaints (ECF No. 1, 5, 13), should be DENIED and DISMISSED.

I.  **Background**

Sherrick alleges that he tested positive for COVID-19 in January 2021. He claims that he contracted the virus from a staff member. Sherrick alleges that Ms. Early is liable for only performing daily temperature checks of employees rather than daily rapid tests. ECF No. 1 at 3. He alleges that Ms. Early and other Defendants

1

did not take all precautionary steps to secure his safety and wellbeing. *Id.* at 6; ECF No. 13 at 2.

Sherrick alleges that his toilet broke and would not flush while he was sick with COVID-19. ECF No. 1 at 6. He informed an officer in Unit E of the problem. Sherrick was informed that an email was sent to the Unit Team, and a work order was initiated. *Id.* Because there was no emergency plumber available, the toilet did not flush from January 15, 2021 until January 20, 2021. *Id.*; ECF No. 13 at 8. Sherrick had to be escorted to another cell when he needed to use the bathroom. *Id.* On one occasion, Sherrick allegedly had to "go in a bag" because the officer took too long to respond. *Id.* Sherrick alleges he suffered mental, emotional, and physical distress.

In a subsequent Amended Complaint, Sherrick alleges that his finger was injured when Ms. Attenberger slammed his hand in the food tray slot while Sherrick was trying to pass his trash through for disposal. ECF No. 5 at 1. Sherrick claims Ms. Attenberger acted in retaliation for Sherrick appealing a disciplinary report. Ms. Attenberger refused to call the medical department even though Sherrick's finger was bleeding. *Id.* at 2.

Sherrick also alleges that Dr. Markey and Ms. Smith refused to renew medications for his "serious medical conditions." ECF No. 5 at 3. Sherrick alleges that he suffers from eczema and low back and neck pain, for which he had been prescribed clobetasol cream and indomethacin. *Id.*; ECF No. 13 at 11.

Sherrick seeks $13.5 million dollars in damages. He asks that the medical staff "be stripped of their medical license" and that Ms. Attenberger and Lt. Rene be terminated from employment. ECF No. 5 at 6. Sherrick also asks that he be transferred to Calcasieu Parish Jail. *Id.*

## II. Law and Analysis

### A. Sherrick's Complaint is subject to preliminary screening under 28 U.S.C. § 1915A.

As a prisoner seeking redress from an officer or employee of a governmental entity, Sherrick's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B. *Sherrick has no right to be transferred to another facility.*

The Attorney General has the power to designate the place of a federal prisoner's confinement in a state or federal prison, and to permit the transfer of a prisoner from one institution to another. *See* 18 U.S.C. § 4082; *Floyd v. Henderson*, 456 F.2d 1117, 1119 (5th Cir. 1972). There is no protected liberty interest in being housed in a particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244–45 (1983); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)). Therefore, Sherrick's request to be transferred must be denied.

C. *Sherrick fails to state a viable "conditions of confinement" claim.*

*Bivens* recognized an implied cause of action against federal employees for unreasonable searches and seizures in violation of the Fourth Amendment. 403 U.S. at 389. Thereafter, the United States Supreme Court extended *Bivens* in only two more cases: *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (recognizing a cause of action under the Due Process Clause of the Fifth Amendment for a female employee who was terminated based on her gender) and *Carlson v. Green*, 446 U.S. 14, 16–18 (1980) (recognizing a cause of action under the Eighth Amendment for a deceased prisoner who was deprived medical attention by prison officers who knew of his serious medical condition). *See Ziglar v. Abbasi,* 137 S. Ct. 1843, 1855 (2017) ("These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.").

In recent decades, the Supreme Court has "consistently refused to extend *Bivens* to any new context." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001);

*accord Abbasi*, 137 S. Ct. at 1857 (noting that the Court has refused to recognize new *Bivens* actions "for the past 30 years" and listing a series of cases involving such refusals).

> As the United States Court of Appeals for the Fifth Circuit recently noted:
>
> In *Abbasi*, the Court stated that "[w]hen a party seeks to assert an implied cause of action under the Constitution itself . . . separation-of-powers principles are or should be central to the analysis. The question is who should decide whether to provide for a damages remedy, Congress or the courts?" 137 S. Ct. at 1857 (internal quotation marks and citation omitted). "The answer," the Court concluded, "most often will be Congress." *Id.* This is because "[i]n most instances . . . the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Id.* (cleaned up). As a result, "the Court has urged caution before extending *Bivens* remedies into any new context." *Id.* (internal quotation marks and citation omitted). Indeed, "expanding the *Bivens* remedy is now considered a disfavored judicial activity." *Id.* (internal quotation marks and citation omitted).

*Butler v. S. Porter*, 999 F.3d 287, 293 (5th Cir. 2021).

The Supreme Court has developed a two-part test to determine if a *Bivens* claim may proceed. *Stone v. Wilson*, 2021 WL 2936055, at *5 (N.D. Tex. 2021) (citing *Abbasi*, 137 S. Ct. at 1843). Because *Bivens* is a judicially crafted remedy, and not a statutory one like 42 U.S.C. § 1983, courts should consider: (1) whether the case "presents a new context"; and (2) whether "there are any special factors that counsel hesitation about granting the extension." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (finding "the *Bivens* question is antecedent" to other issues in a case, including qualified immunity) (internal quotations and citations omitted). The Supreme Court has also strongly counseled against extending *Bivens* to new contexts, *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020), and repeatedly held that such extensions are "a

'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857; *see also Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an '*ancient regime*' that freely implied rights of action" and that "ended long ago.") (emphasis in original), *cert. denied*, 2021 WL 2044553, at *1 (2021); *Stone v. Wilson*, 2021 WL 2936055, at *5 (N.D. Tex. 2021).

"Virtually everything else is a 'new context'" and the "understanding of a 'new context' is broad" . . . "because 'even a modest extension' of the *Bivens* trilogy 'is still an extension.'" *Stone*, 2021 WL 2936055 at *5 (quoting *Oliva*, 973 F.3d at 442 (citations omitted)). The types of differences that are meaningful enough to make the context "new" include: "the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider." *Abbasi*, 137 S. Ct. at 1860. Moreover, "it is not enough even if 'a plaintiff asserts a violation of the same clause of the same amendment in the same way.'" *Oliva*, 973 F.3d at 442 (quoting *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)); *Stone*, 2021 WL 2936055 at *5.

Sherrick's demand for damages for contracting COVID-19 and being confined for five days without a working commode differs significantly "from the *Bivens* trilogy of actions sanctioned by the Supreme Court. . ." and is foreclosed by *Abbassi*. *Stone*,

6

2021 WL 2936055 at *5 (citing *Abbasi*, 137 S. Ct. at 1859, 1865) (*Carlson* only recognized an implied damages remedy under the Eighth Amendment for "failure to provide medical treatment.")). Other courts, post-*Abbasi*, have also held that *Bivens* will not be extended to reach "non-medical care conditions of confinement" claims.[1] Thus, Sherrick cannot state a claim under *Bivens* for the conditions of his confinement.

Even if *Bivens* extended to Sherrick's claims, he cannot establish that he was confined in conditions that amounted to punishment or that Defendants acted with deliberate indifference. A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference is an extremely high standard to meet. *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference. To reach the level of deliberate indifference, official conduct must be 'wanton,' which is defined to mean 'reckless.'" *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415,

---

[1] *See Menard v. Mansi*, No. 21-cv-2130, 2021 WL 2156366, *4 (E.D. Pa. May 27, 2021) (citations omitted); *Hill v. Lappin*, No. 3:11-cv-1609, 2021 WL 2222725, *3 (M.D. Pa. Jun. 2, 2021) (noting that although courts "in the wake of *Abbasi*" initially did not *sua sponte* consider whether conditions-of-confinement claims remained viable, "[a]s the dust settles, however, and courts began to appreciate *Abbasi*'s watershed scope, the better-reasoned authority has declined to recognize a *Bivens* remedy for Eighth Amendment conditions-of-confinement. . . claims.").

420 (5th Cir. 2017) (citation and quotation marks omitted). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).

Additionally, the deprivation must be, objectively, sufficiently serious. *Id.* at 834. "There is no doubt that infectious diseases generally and COVID-19 specifically can pose a risk of serious or fatal harm to prison inmates." *Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020). However, not only must the harm in question be serious, but the risk of that harm must be substantial.

Sherrick does not allege that Defendants failed to take any reasonable measures to protect him, or failed to implement any recommended COVID-19 protocols. For example, he does not allege that Defendants failed to test symptomatic inmates, isolate infected patients or employees, quarantine inmates or employees thought to have been exposed, implement social distancing, or provide soap or disinfectants. In fact, Sherrick acknowledges that Ms. Early implemented regular temperature checks of the staff. ECF No. 1 at 3.

Sherrick specifically complains that Defendants did not administer daily COVID rapid tests on employees. But Sherrick provides no authority indicating that an absence of rapid testing qualifies as wanton or reckless, or amounts to a constitutional violation. Nor does Sherrick reference any authority indicating that daily rapid testing is required or even recommended by the CDC or other experts. Sherrick's implication that daily rapid tests would have prevented him from

8

contracting COVID-19 is conclusory. There are no allegations suggesting that Defendants failed to respond reasonably to the risk of COVID-19.

Likewise, if *Bivens* extended to Sherrick's complaint about the toilet in his cell not flushing for five days, his claim would still fail. Unsanitary conditions amount to constitutional deprivations only in extreme circumstances. *See Taylor v. Stevens*, 946 F.3d 211 (5th Cir. 2019), *aff'd in part and vacated on other grounds by Taylor v. Riojas*, 141 S. Ct. 52 (2020) (plaintiff was confined in cells "covered, nearly floor to ceiling, in massive amounts of feces: all over the floor, the ceiling, the window, the walls, and even packed inside the water faucet") (internal quotations marks omitted).[2]

Sherrick's allegations that he had to be escorted to another cell when he needed to use the bathroom for five days and had to "go in a bag" once because the officer took too long to respond to his request (ECF No. 1 at 6) do not amount to the extreme circumstances or "shockingly unsanitary" conditions that would support a constitutional violation. *See Taylor*, 141 S. Ct. at 53.

---

[2] See also ; *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (three days in a filthy crisis management cell with blood on walls and excrement and old food on the floor was insufficient to objectively demonstrate a sufficiently extreme deprivation) (citing *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (holding no Eighth Amendment violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell)); *Daigre v. Maggio*, 719 F.2d 1310, 1312–13 (5th Cir. 1983) (holding 10-day administrative lockdown that subjected prisoners to "dirty and filthy" mattresses, blankets laundered every one to three weeks, and no soap to wash hands between using the toilet and eating meals was not sufficient to establish constitutional deprivation where some measure of hygiene was provided by available water and utensils at meals)

### D. Sherrick fails to state a claim for retaliation.

Sherrick alleges that his finger was injured when Officer Attenberger slammed his hands in the food tray slot while Sherrick was trying to pass his tray through for disposal. ECF No. 5 at 1. Sherrick claims Officer Attenberger acted in retaliation for Sherrick appealing a disciplinary report.

The Fifth Circuit has expressly declined to extend *Bivens* to include First Amendment retaliation claims against prison officials. *See Watkins v. Three Administrative Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685–86 (5th Cir. 2021) (noting that the Supreme Court has never recognized a *Bivens* cause of action under the First Amendment and has rejected a First Amendment retaliation *Bivens* claim) (citations omitted).

### E. Sherrick fails to state a claim for the deprivation of medical care.

Sherrick alleges that Officer Attenberger refused to call the medical department even though his finger was bleeding. ECF No. 5 at 2. He also complains that his medications were not refilled for approximately one month after the prescriptions expired. *Id.*

A delay in receiving medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). And deliberate indifference may only be found where an official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837.

According to his medical records, Sherrick received medical treatment within 30 minutes of the injury. ECF No. 13-1 at 30. The examination revealed a "small superficial abrasion" on his finger. *Id.* Nurse Walters cleaned the abrasion with saline and provided Sherrick with triple antibiotic ointment and Band-Aids. *Id.* Sherrick declined a tetanus shot. *Id.* The following day, a request for an orthopedic consultation was initiated. ECF No. 13-1 at 32.

Sherrick's finger was x-rayed and evaluated by an orthopedist on June 25, 2021. The doctor noted moderate swelling and tenderness, but the x-ray confirmed there was no fracture. Sherrick's finger was splinted, and he was prescribed acetaminophen. ECF No. 13-1 at 34.

Sherrick does not allege that he suffered substantial harm from the 30-minute delay in obtaining medical care. In fact, in the "free world," his wait for emergency medical care and an orthopedic consultation would likely have been significantly longer. *Young v. Bexar County Sheriff's Office*, 2010 WL 723282, at *3 (W.D. Tex. 2010) ("[i]t is common knowledge that people in the free world outside of jail sometimes have to wait over one day for an appointment to be seen by a doctor").

Next, Sherrick's medical records indicate that he arrived at FCI-Pollock with prescriptions of "clobetasol for hand eczema" and indomethacin for back pain. ECF No. 13-1 at 25. Both prescriptions expired on May 31, 2021. ECF No. 13-1 at 26. Sherrick complains that Dr. Markey and Ms. Smith refused to renew his medications for these "serious medical conditions." ECF No. 5 at 3.

However, several courts have held that neither back pain nor eczema qualify as a serious medical need required for an Eighth Amendment violation. *See Alwell v. LeBlanc*, 2021 WL 3504647, at *6 (W.D. La. 2021) (collecting cases)[3]; *Troia v. Bedwell*, 2006 WL 1968913, at *8 (E.D. La. 2006) (collecting cases)[4].

Regardless, the medical records that Sherrick provided indicate that his prescriptions for clobetasol and indomethacin were refilled on June 21, 2021, and that he received them on June 30, 2021. ECF No. 13-1 at 26. There is no indication that Sherrick suffered a substantial harm from the one-month delay. And Sherrick's claim that Defendants acted with deliberate indifference in failing to promptly renew his prescriptions is conclusory. *See Kirby v. Johnson*, 243 F. App'x 877, 880 (5th Cir. 2007) (affirming dismissal of prisoner's claims of deliberate indifference when he

---

[3] *Riddick v. Modeny*, 250 F. App'x 482 (3rd Cir. 2007) (failure to provide medications prescribed for eczema did not demonstrate deliberate indifference to a serious medical need); *Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3rd Cir. 2009) (denial of treatment for "weight loss, eczema of the feet, seborrhea of the scalp, athlete's foot, constipation, and swollen knuckles on his right hand" failed to allege a serious medical condition); *Sledge v. Kooi*, 564 F.3d 105 (2nd Cir. 2009) (eczema, back pain, stomach disorders, allergies, and asthma did not constitute a "serious medical need"); *Gonzales-Reyna v. Ellis*, 2009 WL 2421482, * 3 (E.D. Va. 2009) ("[I]t is doubtful that a skin rash, even one which causes pain and itching, is a sufficiently serious medical need to support an Eighth Amendment violation."); *Samuels v. Jackson*, 1999 WL 92617, *1-3 (S.D. N.Y. 1999) (prisoner's claim of intense itching from eczema did not constitute a "serious medical need").

[4] *Lusk v. Dallas County Sheriff's Dep't*, No. 3:00–CV–0662, 2002 WL 31757706, at *4 (N.D. Tex. 2002) (Lindsay, J.) (herniated disc and degenerative spinal disease not serious medical needs); *Nelson v. Rodas*, No. 17-CV-887, 2002 WL 31075804, at *14 (S.D. N.Y. 2002) (back spasms and pain not a serious medical need); *Solomon v. Moore*, No. 97-CV-0201, 2000 WL 385521, at *2–3 (S.D. N.Y. 2000) (when plaintiff was able to walk and function normally despite neck, back and groin pains, he had no serious medical needs); compare *Palermo v. Correctional Med. Servs. Inc.*, 133 F.Supp.2d 1348, 1359 (S.D. Fla. 2001) (Plaintiff who suffered from constant, severe back pain that greatly limited his mobility and had a ruptured spinal disk, for which a neurosurgeon had recommended surgery, had a serious medical need).

attempted suicide after his psychiatric medications were discontinued); *Watson v. Basse*, 539 F. App'x 432, 433 (5th Cir. 2013) (affirming dismissal as frivolous of conclusory claims regarding deliberate indifference to a serious medical need); *Young v. McCain*, 760 F. App'x 251, 256-57 (5th Cir. 2019) (finding conclusory allegations insufficient to state a claim for deliberate indifference).

### III. Conclusion

Because Sherrick fails to state a viable constitutional claim under *Bivens*, his Complaint and Amended Complaints (ECF Nos. 1, 5, 13) should be DENIED and DISMISSED WITH PREJUDICE under §1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, November 1, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE